No. 5046.

GEORGE L. WALTON *v.* HENRY C. YOUNG.

The defense in this suit, instituted on two drafts drawn by defendant, payable to his own order, indorsed by himself, and accepted by Scott & Jackson the drawees, is, that they were transferred after maturity and form a part of unsettled accounts existing between himself and the drawees, upon a full settlement whereof their drafts would be found to be paid.

Being in the possession of the drawees after maturity, the drafts were extinguished either by payment or novation, and they became mere *vouchers* for the amounts charged on the books of the acceptors against the defendant, and the acceptors could not resuscitate the drafts or bills of exchange by reissuing them after maturity and after they had taken them up.

Scott & Jackson, the drawees and acceptors, could not have maintained a separate action on those drafts after having carried them through their accounts current with the drawer. Their only action against the defendant was for any balance due on the account of which said drafts formed a part, and the transferree of Scott & Jackson acquired no greater right than they had.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Cole,* J. *Favrot & Lamon,* for plaintiff and appellee. *Herron & Gallaugher,* for defendant and appellant.

Walton v. Young.

LUDELING, C. J. The plaintiff sues defendant on two drafts drawn by the defendant, made payable to his own order, indorsed by himself and accepted by Scott & Jackson, the drawees, and on a note drawn by defendant in favor of W. S. Jackson, and by him indorsed in blank.

The answer is a general denial, and that the plaintiff is not the owner of the drafts; that they were transferred after maturity, and form a part of unsettled accounts existing between himself and the drawees, upon a full settlement whereof these drafts will be found to have been paid.

The evidence satisfies us that the drafts were transferred by the acceptors after their maturity. Being in their possession after maturity, the drafts were extinguished either by payment or novation, and they became mere vouchers for the amounts charged on the books of the acceptors against the defendant; and the acceptors could not resuscitate the drafts or bills of exchange by reissuing them after maturity and after they had taken them up. Scott and Jackson could not have maintained a separate action on those drafts after having carried them through their accounts current with the drawer. Their only action against Young was for any balance due on the account of which said drafts formed a part; and the transferree of Scott & Jackson acquired no greater right than they had.

The evidence in the record preponderates in favor of the defense set up, but as Scott & Jackson, or their representatives, are not before the court, we can not decide the question as to the payment of their account. The claim for the amount of the note seems to be established.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the plaintiff against the defendant for the sum of four hundred and sixty-six dollars and eighty-five cents, with five per cent. per annum interest thereon from the first day of November, 1871, till paid, and costs of the lower court; and that there be judgment against the plaintiff as in case of non-suit, on his demand for the amount of the two drafts, with costs of appeal.